### EQUITABLE TRUST CO. OF NEW YORK v. TIEDEMANN.

(Supreme Court, Appellate Term.    April 9, 1912.)

1. PLEADING (§ 333*)—BILL OF PARTICULARS—FILING—ORDER.

Where an order requiring plaintiff to file a bill of particulars did not require that it be complied with at any definite time, plaintiff could not be regarded as in default until the time of the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1011, 1012; Dec. Dig. § 333.*]

2. PLEADING (§ 333*)—BILL OF PARTICULARS—FAILURE TO FILE SUBSEQUENT ORDER.

Where the court directed plaintiff to file a bill of particulars, but failed to specify any time for filing, the court might thereafter enter a further order specifying the time for filing, by which plaintiff could be precluded from introducing evidence for a failure to obey.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1011, 1012; Dec. Dig. § 333.*]

3. PLEADING (§ 333*)—BILL OF PARTICULARS—FAILURE TO FILE—DEFAULT.

Where the court required plaintiff to file a bill of particulars, but did not state any time, a subsequent order making the furnishing of particulars a condition or privilege to plaintiff, by which it might avoid the penalty of its previous alleged default for failure to file the particulars, was unauthorized, and plaintiff was entitled to refuse to accept the condition, and rely on its claim that it was not in default for failure to furnish the particulars prior to the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §. 1011, 1012; Dec. Dig. § 333.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Herbert B. Tiedemann. From a Municipal Court judgment dismissing the complaint without prejudice, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLear & McLear (Robert E. McLear and Herbert G. McLear, of counsel), for appellant.

Arthur V. Kaldenberg, for respondent.

LEHMAN, J. The plaintiff appeals from a judgment dismissing its complaint. At the trial the plaintiff was precluded from offering in evidence the written instrument upon which its cause of action was based, by reason of an order precluding it from giving any evidence in support of its cause of action. The appeal brings up for review this order.

It appears that upon the return day the plaintiff was ordered to file a general bill of particulars as to its cause of action. With this order the plaintiff complied. Thereafter the defendant made a motion to compel the plaintiff to file and serve upon the defendant's attorney an exact copy of the note sued upon and any agreements in connection therewith referred to in the complaint. This motion was granted, in so far as it required the plaintiff to file copies of the note or agreement; but the order entered on January 8th contained no statement as to the time when the copies should be filed. On the 18th day of January a motion was made to preclude the plaintiff from giving evidence by reason of its failure to comply with the previous order. Upon the hearing the plaintiff apparently took the ground that the order was void, because there is no power in the Municipal Court to grant a motion to file copies of a written instrument, and further urged that, since the order failed to provide any date for filing, it was not in default if it complied with its terms at any time before the trial. The trial justice thereupon indorsed on the motion papers the following order or memorandum:

"This motion will be granted, so far as it relates to precluding the plaintiff from giving any testimony or offering any evidence in support of the plaintiff's claim, unless plaintiff file in this court a verified bill of particulars, setting forth or giving the details and particulars of the instrument upon which this action is predicated; that is, setting forth the day on which the defendant is alleged to have signed the note in question, and the payments when and how to be made, and indorsements, if any, on the instrument, and when the plaintiff became possessed or became the lawful holder or owner of the same. Unless these particulars are properly furnished as indicated in my memorandum, these particulars to be filed by January 27th, unless this bill of particulars is furnished at that time, the motion to preclude the plaintiff from offering any evidence in support of this instrument will be granted. The case is set down for February 1st for trial."

No formal order embodying its terms was entered, and no notice of entry served upon the plaintiff. On January 29th, however, a formal order was entered ex parte reciting the motion of January 18th; that said motion was granted, unless the plaintiff files the particulars of the note on or before January 24th; and that it appears from the papers on file and the affidavit of defendant's attorney that the order was not complied with, and ordering that plaintiff be precluded from offering the note in evidence, or offering any evidence in support of the note. Notice of entry of this order was served on plaintiff on January 31st, the day before the case was set down for

trial, and no opportunity was given to the plaintiff to move to resettle or vacate the order.

[1] At the outset it must be noted that the plaintiff has been precluded from giving testimony by reason of its alleged failure to obey the order of January 8th, and not for failure to obey any order made on January 18th. Without deciding whether or not the court had jurisdiction to make the order of January 8th, it seems to me quite obvious that, since it contained no requirement that it be complied with at any definite time, the plaintiff could not be regarded as in default until the time of the trial.

[2] If on January 18th the justice had made an order requiring absolutely the plaintiff to furnish the particulars by means of a further bill to be filed on January 24th, he would have acted within his power, and the plaintiff could thereafter have been precluded for failure to obey this order.

[3] Where, however, he made the furnishing of the particulars a condition or privilege to the plaintiff, by which it might avoid the penalty of its previous alleged default, the plaintiff had a right to refuse to accept the condition, and to rely upon its claim that it was not in default at that time. The order precluding it from giving testimony was, therefore, made without authority.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.